## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## KANSAS CITY DIVISION

| | |
|---|---|
| **CHARLES COX,** § | |
| **Individually and On Behalf of All** § | |
| **Others Similarly Situated,** § | |
| § | **CIVIL ACTION NO.** |
| Plaintiff, § | |
| vs. § | |
| § | |
| **LABOR SOURCE, LLC, d/b/a** § | |
| **ONE SOURCE LABOR & STAFFING** § | |
| § | **COLLECTIVE AND CLASS ACTION** |
| Defendant. § | |

### PLAINTIFF'S ORIGINAL COMPLAINT – CLASS AND COLLECTIVE ACTION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Charles Cox, ("Plaintiff"), on behalf of himself and all others similarly situated, and files this Original Complaint, as follows:

### I.    PRELIMINARY STATEMENT

1.    Labor Source, LLC, d/b/a One Source Labor & Staffing ("Labor Source" or "Defendant") employed Plaintiff and other similarly situated manual laborers. Mr. Cox performed manual labor for Labor Source from September until January of 2020. While working for Labor Source, Plaintiff and others similarly situated were not paid for travel time. In addition, Labor Source made improper deductions from the paychecks of Mr. Cox and others similarly situated, purportedly for room and board, travel costs, shuttle fees, and other fees. There are a large number of current and former Labor Source employees who have been victims of these company-wide policies that violate state and federal minimum wage and overtime laws.

2. Plaintiff, on behalf of himself and all others similarly situated, brings this collective action to recover unpaid minimum wages and overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA"), the Ohio Minimum Fair Wage Standards ("Ohio Wage Act"), O.R.C. ch. 4111, the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and 41 O.R.C. § 4141.18 (the Ohio Wage Act, the OPPA, and 41 O.R.C. § 4141.18 will be collectively referred to as the "Ohio Acts") and the New York Labor Law ("NYLL") Articles 6 and 19 and their implementing regulations.

3. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All current or former manual laborers of Labor Source who, within the past three years, performed work anywhere within the United States, except in the state of North Carolina (the "FLSA Class Members").**

4. The Rule 23 class of similarly situated employees sought to be certified as a class action under the Ohio Acts is defined as:

> **All current or former manual laborers of Labor Source who, within the past three years, performed work in Ohio.**

5. The Rule 23 class of similarly situated employees sought to be certified as a class action under the NYLL is defined as:

> **All current or former manual laborers of Labor Source who, within the past six years, performed work in New York.**

6. Defendant willfully violated the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one-and-a-half times their regular rate of pay.

## II.     PARTIES

7.     Plaintiff Charles Cox is an individual residing in North Carolina. Plaintiff's Notice of Consent is attached hereto as Exhibit 1.

8.     Defendant Labor Source, LLC is a Kansas limited liability company with its principal place of business in Olathe, Kansas. Labor Source may be served through its registered agent in Kansas, Shelia Rives, at 110 S Cherry Street, Olathe, Kansas 66061.

## III.     JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, la ws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because these claims derive from a common nucleus of operative facts.

10.     This Court has personal jurisdiction over Defendant because it is a Kansas resident - Defendant is headquartered in Olathe, Kansas and incorporated in Kansas. Moreover, Defendant has both conducted substantial business in Kansas and have had continuous and systematic contacts with Kansas. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV.     FLSA COVERAGE

12.     At all relevant times, Defendant has acted, directly or indirectly, as the employers or joint employers with respect to Plaintiff and others similarly situated. Defendant is directly or

indirectly responsible for all decisions related to the wages to be paid to them, the work to be performed by them, the locations of work performed by the employees, the hours to be worked by them, and the compensation policies with respect to them.

13. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

15. At all relevant times, Plaintiff, and others similarly situated, were employees for Defendant who were engaged in commerce or in the production of goods for commerce.

## V.   FACTUAL BACKGROUND

16. Defendant Labor Source is a staffing company that recruits and assigns workers to other companies. According to its website, since 1998, Labor Source has "recruited, trained, deployed and managed thousands of unskilled and semi–skilled manufacturing, construction and retail workers throughout the country."[1] Labor Source currently has offices in Texas, Kansas, Missouri and Florida.[2] Labor Source provides manual laborers to contractors for fire and water resto-

---

[1] *See* https://onesourcelabor.com/staffing-services/.
[2] https://onesourcelabor.com/contact-us/.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                                 **Page 4 of 17**

ration services, solar energy projects, manufacturing, construction and other general labor projects.[3] Labor Source recruits its employees from its field offices and in turn sends them on projects across the country.

17.     Typically, Labor Source transports its workers to a worksite location in buses/passenger vans, which can be hundreds of miles away from the workers' homes. Defendant did not pay Plaintiff, and on information and belief, did not and does not pay the other class and collective members, for the time they spend traveling from the Labor Source office to the project location. Since the workers are bussed long distances to the project location together, without their own personal transportation once they arrive, the workers cannot leave until the project is completed unless they want to quit and find (and pay for) their own way home.

18.     Plaintiff and other Labor Source employees were required to sign a daily time sheet at the end of their shift. However, these time sheets, however, are often inaccurate in that the hours worked by Plaintiff and others similarly situated are artificially reduced and under-reported at the direction of Labor Source's client, resulting in underpayment of wages. Defendant Labor Source takes no action to ensure the time sheets reflect the actual hours worked. Instead, Labor Source foregoes its obligations as an employer under the FLSA, the NYLL and the Ohio Acts to make sure its employees are paid for all hours worked.

19.     Moreover, Labor Source improperly deducted amounts from the payments it made to Plaintiff and other Class and Collective Members. Defendant requires Plaintiff and others similarly situated to incur numerous work-related expenses and/or improperly deducts amounts from their wages for Defendant's benefit. Defendant requires Plaintiff and others similarly situated to incur certain expenses which would normally be borne by an employer, such as expenses for toll

---

[3] https://onesourcelabor.com/.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                             **Page 5 of 17**

costs, gas, equipment, food, hotel, and other travel expenses for the benefit of Defendant and Defendant's clients. Defendant does not reimburse Plaintiffs and others similarly situated for the travel, equipment, lodging, or other business expenses incurred by Plaintiff and others similarly situated in connection with their employment by Defendant. The deductions taken from the workers' paychecks and/or expenses that the workers were required to incur typically totaled hundreds of dollars per worker each week.

20.     Labor Source policies and practices actually promote these wage violations - Defendant and/or its client would sometimes threaten to withhold the workers' pay unless they signed their names to the inaccurate daily time sheets. by failing to and refusing to provide the workers access to itemized wage statements that list the total hours worked and total wages paid. Moreover, Labor Source would issue a debit card to each laborer at the beginning of a project, and would load funds onto that debit card at the end of the pay periods for their payment of wages. Thus, the workers would often never receive a wage statement showing how many hours they were paid for or how much money had been deducted from their paycheck.

21.     Plaintiff Cox has worked for Labor Source on numerous projects, including projects in Texas, Louisiana, Ohio, and New York. At each of these projects, Labor Source instituted and implemented the same policies and practices regarding timekeeping, recordkeeping, lodging, and expense deductions.

22.     Plaintiff and others similarly situated worked and continue to work hours for Defendant that are not recorded or for which Plaintiff and others similarly situated are not compensated. As a result, Plaintiff and others similarly situated are underpaid for the hours actually worked, often resulting in hourly rates that fall well below the minimum wage rates and overtime rates required by law.

23. Due to the time-reduction and improper expense deduction schemes, Defendant does not pay hourly rates that meet the minimum wage requirement and do not pay a premium rate of time-and-a-half for all hours worked over 40 in a work week to Plaintiff and others similarly situated.

24. Plaintiff was paid a rate of approximately $14-16 per hour during his employment with Labor Source. When assigned to a work site, Plaintiff consistently worked over 12 hours per day, five-to-seven days per week (depending on the project) until the job was completed. When assigned to a work site, Plaintiff routinely worked 60 to 80 hours per week each workweek. Upon information and belief, Class and Collective members worked and continue to work similar amounts of time per week as Plaintiff and are paid similar wages.

25. As a result of Defendant's pay, timekeeping, and recordkeeping practices, Plaintiff and others similarly situated have not been and are not compensated for all hours worked including all overtime hours, and their hourly rates of pay often fall below the minimum wage.

26. Defendant's conduct, as set forth herein, was willful and in bad faith, and has caused significant damages to Plaintiffs and others similarly situated. Defendant has been sued for FLSA and other wage violations on multiple occasions during past several years, including lawsuits in Kansas, North Carolina, Texas and Minnesota.

### VI.   FLSA COLLECTIVE ACTION ALLEGATIONS

27. Other employees of Defendant have been victimized by the pattern, practice and policy of Defendant. Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other, similarly situated workers.

28. Plaintiff brings his claim on behalf of all current and former FLSA Collective Members, or similar job descriptions or titles, who worked on a dedicated basis for Labor Source.

29. Defendant's compensation policies and procedures with respect to Plaintiff and others similarly situated and wages paid to Plaintiff and the FLSA Collective Members are substantially similar, if not identical.

30. Defendant's pattern of failing to pay overtime compensation and/or minimum wages as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiff or other FLSA Collective Members.

31. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendant's liability under the FLSA.

32. Plaintiff files this case as a collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims on his own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

33. Plaintiff requests that Defendant identify all FLSA Collective Members in order that proper notice of their right to opt-out of this class action (or, alternatively, to consent to participation in this collective action) may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers of the FLSA Collective Members.

34. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

35. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

36. Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII. NEW YORK AND OHIO CLASS ACTION ALLEGATIONS

37. **Numerosity**: The members of the New York and Ohio Classes are so numerous that joinder of all members in the case would be impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. The precise number of Class members should be readily available from a review of Defendant's personnel and payroll records.

38. **Commonality/Predominance**: There is a well-defined community of interest among members of the New York and Ohio Classes and common questions of both law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

a. Whether Defendant violated the NYLL and/or the Ohio Acts by failing to pay current and former employees for all wages earned;

b. The proper measure of damages sustained by the proposed New York and Ohio Classes; and

c. Whether Defendant violated the NYLL and/or Ohio Acts by failing to make, keep, and preserve true and accurate payroll records.

39. **Typicality**: Plaintiff's claims are typical of those of the New York and Ohio Classes in that Plaintiff and all other members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from Defendant's same policies, practices, and course of conduct as all other New York and Ohio members 'claims and Plaintiff's legal theories are based on the same legal theories as all other members

of the New York and Ohio Classes: whether all members of the New York and Ohio Classes were employed by Defendant on an hourly basis without receiving compensation for all wages earned.

40. **Adequacy**: Plaintiff will fully and adequately protect the interests of the New York and Ohio Classes and Plaintiff retained national counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the New York and Ohio Classes.

41. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, inter alia, it is economically infeasible for members of the New York and Ohio Classes to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Given the material similarity of the claims of the members of the New York and Ohio Classes, even if each Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds, or thousands, of identical actions. Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action would permit the efficient supervision of the putative New York and Ohio Class claims, create significant economies of scale for the Court and the parties, and result in a binding, uniform adjudication on all issues.

42. The case will be manageable as a class action. This class action can be efficiently and effectively managed by sending the same FLSA opt-in notice to all employees similarly situated and adding for the New York and Ohio Classes within that group a separate opt-out notice pertaining to their rights under state law. Plaintiff and his counsel know of no unusual difficulties in the case and Defendant has payroll systems that will allow the class, wage, and damages issues

in the case to be resolved with relative ease. Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate.

## VIII. CAUSES OF ACTION

### COUNT ONE: VIOLATIONS OF THE FLSA

43. The foregoing allegations are incorporated herein by reference.

44. Plaintiff and others similarly situated were non-exempt employees of Defendant.

45. Plaintiff and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek. Plaintiff and others similarly situated are also entitled to the federally-mandated minimum wage for all hours worked.

46. Defendant violated 29 U.S.C. § 201 et. seq. by willfully failing to pay Plaintiff or others similarly situated minimum wages and/or overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

47. Plaintiff, individually and on behalf of others similarly situated, seeks all unpaid minimum wages and overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### COUNT TWO: RULE 23 CLASS ACTION FOR UNPAID MINIMUM WAGES AND OVERTIME UNDER THE OHIO WAGE ACT

48. The foregoing allegations are incorporated herein by reference.

49. This claim is brought under Ohio Law.

50. Plaintiff and the Ohio Class Members have been employed by Defendant, and Defendant is an employer covered by the minimum wage and overtime requirements under Ohio Law.

51. The Ohio Wage Act requires that employees receive minimum wages as well as overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." See O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

52. Plaintiff and the Ohio Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid overtime wages for all of such time spent working. Plaintiff and the Ohio Class Members were not paid the state-mandated minimum wages for all hours worked.

53. Defendant's policies and/or practices described herein impermissibly reduced Plaintiff's and the Rule 23 Class Members' compensable hours worked and resulted in unpaid overtime and less than the state-mandated minimum wage.

54. Plaintiff and the Ohio Class Members were not exempt from the wage protections of the Ohio Wage Act.

55. Defendant's repeated and knowing failures to pay minimum wages and/or overtime wages to Plaintiff and the Ohio Class Members were violations of Section 4111.03, and, as such, Defendant willfully withheld and failed to pay minimum wages and/or overtime compensation to which Plaintiff and the Ohio Class Members were entitled.

56. For Defendant's violations of Section 4111.03, by which Plaintiff and the Ohio Class Members have suffered and continue to suffer damages, Plaintiff seeks unpaid minimum wages and overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the Rule 23 Class Members.

### COUNT THREE: RULE 23 CLASS ACTION FOR OPPA VIOLATION

57. The foregoing allegations are incorporated herein by reference.

58. Plaintiff and the Ohio Class Members were employed by Defendant.

59. During all relevant times, Defendant was an entity covered by the OPPA, and Plaintiff and the Ohio Class Members have been employed by Defendant within the meaning of the OPPA.

60. The OPPA requires Defendant to timely pay Plaintiff and the Ohio Class Members all wages, including minimum wages and unpaid overtime, in accordance with Section 4113.15(A). 89. During relevant times, Plaintiff and the Ohio Class Members were not paid all wages, including minimum wages and overtime wages at one-and-one-half times their regular rate, within thirty (30) days of performing the work. See R.C. § 4113.15(B).

61. Plaintiff's and the Ohio Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

### COUNT FOUR: RULE 23 CLASS ACTION FOR RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

62. The foregoing allegations are incorporated herein by reference.

63. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. See O.R.C. § 4111.08; 29 C.F.R. §§ 516.2, et seq.

64. During times material to this complaint, Defendant was a covered employer and was required to comply with the Ohio Wage Act's mandates.

65. Plaintiff and the Ohio Class Members were covered employees entitled to the protection of the Ohio Wage Act.

66. During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Plaintiff and the Ohio Class Members by failing to properly maintain accurate records of all hours Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

67. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

### COUNT FIVE: RULE 23 CLASS ACTION FOR VIOLATIONS OF NEW YORK LABOR LAW

68. The foregoing allegations are incorporated herein by reference.

69. Defendant failed to pay the Plaintiff and New York Class Members wages for all the hours they worked and overtime wages for hours worked over forty (40) in a workweek as required by NYLL, Article 19, § 650, et seq., and 12 NYCRR § 142-2.2.

70. Defendant's failure to comply with New York wage-and-hour protections caused the Plaintiff and New York Class Members to suffer loss of wages and interest thereon.

### COUNT SIX: RULE 23 CLASS ACTION FOR UNPAID NEW YORK SPREAD OF HOURS PAY

71. The foregoing allegations are incorporated herein by reference.

72. Plaintiff and the New York Class Members were required to work in excess of ten (10) hours a day without being compensated for the legally mandated spread of hours pay. This practice is in violation of 12 N.Y.C.R.R. § 142-2.4.

73. Defendant's failure to pay spread of hours pay was willful.

74. By reason of the foregoing Defendant is liable to Plaintiff and the New York Class Members in an amount to be determined at trial, plus costs and attorneys' fees.

## COUNT SEVEN: RULE 23 CLASS ACTION FOR
## NEW YORK RECORDKEEPING VIOLATIONS

75. The foregoing allegations are incorporated herein by reference.

76. New York Labor Law § 195(3) requires that employers furnish non-exempt employees such as Plaintiff and the New York Class Members with a statement with every payment of wages listing their regular hourly rate or rates of pay; their overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

77. Defendant has engaged in a widespread pattern, policy, and practice of violating New York Labor Law § 195(3) requirement to provide accurate wage statements as detailed in this Class and Collective Action Complaint.

78. Defendant's failure to comply with New York Labor Law § 195(3) was willful.

79. By reason of the foregoing, Defendant is liable to Plaintiff and the New York Class Members in an amount to be determined at trial, plus costs and attorneys' fees.

## IX.   DEMAND FOR JURY TRIAL

80. Plaintiff, individually and behalf of all other similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).

## X.   RELIEF SOUGHT

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Class Members, prays for relief against Defendant as follows in regards to the FLSA claims:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

    b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

    c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

    d. For an Order awarding Plaintiff (and those who may join in the suit) pre- judgment and post-judgment interest at the highest rates allowed by law; and

    e. For such other and further relief as may be necessary and appropriate.

Plaintiff, on behalf of himself and the Rule 23 Class Members, prays for relief against Defendant as follows with respect to the NYLL and Ohio Acts claims:

    a. For an Order certifying his NYLL and Ohio Acts claims as a Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representative, and for designation of Plaintiff's counsel as class counsel;

    b. For an Order awarding Plaintiff and the Rule 23 Class Members all unpaid minimum wages and overtime compensation, treble, statutory and/or liquidated damages, pre- and post-judgment interest and all available penalty wages under NYLL and Ohio Acts;

    c. For all costs and attorneys' fees incurred prosecuting their claims, as allowed by law; and

    d. For an Order granting such other and further relief as may be necessary and appropriate.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff hereby designates the United States District Court of the District of Kansas at Kansas City as the place of trial.

Respectfully submitted,

/s/ Rowdy B. Meeks
Rowdy B. Meeks, KS# 16068
ROWDY MEEKS LEGAL GROUP LLC
8201 Mission Rd., Suite 250
Prairie Village, Kansas 66208
Tel: (913) 766-5585
Fax: (816) 875-5069
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com

Josh Borsellino
Texas State Bar No. 24045532
*Pro Hac Vice Pending*
Borsellino, P.C.
Office Address:
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Mailing Address:
3267 Bee Cave Rd., Ste. 107, PMB # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**COUNSEL FOR PLAINTIFF**